1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DAVID ENTO,<br><br>               Plaintiff,<br><br>      v.<br><br>WASHINGTON, DC, *et al.*,<br><br>               Defendants. | Case No. 1:21-cv-01537-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

    This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to update his address and prosecute this action.

**FACTS AND BACKGROUND**

    Plaintiff initiated this action by filing a *pro se* Civil Rights Complaint By a Prisoner form[2] om action pursuant to 42 U.S.C. § 1983 on October 18, 2021.  (Doc. No. 1).  Concurrent with the complaint, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

[2] Plaintiff's complaint was filed using the prison form but the listed address did not match any state prison. (Doc. No. 1 at 1).

§ 1915.  (Doc. No. 2).  On October 25, 2021, the Court denied the application to proceed *in forma pauperis* <u>without</u> prejudice because it was blank and unsigned.  (Doc. No. 3).  The Court directed Plaintiff within twenty-one (21) days of receipt of the October 25, 2021 Order, to re-submit a completed and signed application to proceed *in forma pauperis*.  (*Id*. at 2, ¶ 2).  The Court enclosed an application and cautioned Plaintiff that his failure to timely comply with the Court's order would result in a dismissal of this action for failure to comply with a court order and/or failure to prosecute this action.  (*Id*., ¶¶ 2-3).  On November 4, 2021, the October 25, 2021 order was returned as "Undeliverable, Return to Sender, Insufficient Address, Unable to Forward." (*See* docket).  As of the date of these Findings and Recommendations, Plaintiff has not updated his address and the time for doing so has passed.

## APPLICABLE LAW

This court's Local Rules require litigants to keep the court apprised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Loc. R. 183(b) (2019).  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.  Precedent supports a dismissal of a case when a litigant fails to keep the court apprised on his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after *pro se* plaintiff did not comply with local rule requiring *pro*

1   *se* plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, Case No. 1:16-cv-

2   391-DAD-SAB, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to

3   prosecute and failure to provide court with current address).

4        Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the

5   public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)

6   the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the

7   availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that

8   these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added);

9   *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and

10  independently reviewing the record because district court did not make finding as to each factor);

11  *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five

12  factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik*

13  *v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when

14  plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an

15  explicit finding of each factor is not required by the district court).

16                                    **ANALYSIS**

17       More than 63 days has passed since the October 25, 2021 Order was returned as

18  undeliverable and Plaintiff has not filed a notice of change of address.  Thus, under Local Rule

19  the court may dismiss this action without prejudice.

20       Further, the undersigned considers each of the above-stated factors and concludes

21  dismissal is warranted in this case under Rule 41.  The expeditious resolution of litigation is

22  deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*,

23  191 F.3d 983, 990–91 (9th Cir. 1999).  Turning to the second factor, the court's need to

24  efficiently manage its docket cannot be overstated.  This court has "one of the heaviest caseloads

25  in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-

26  19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in

27  Light of Ongoing Judicial Emergency in the Eastern District of California.  The court's time is

28  better spent on its other matters than needlessly consumed managing a case with a recalcitrant

litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Finally, a less drastic remedie in lieu of dismissal, such as directing plaintiff to submit an updated address, or sending an order to show cause why the case should not be dismissed for failure to comply with Local Rules would be an act of futility because the order would be returned without delivery.  Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Plaintiff failed to keep the court appraised of his address as required by Local Rule 182(f) and 183 (b).  A case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action is in accord with this Court's Local Rules and Ninth Circuit precedent.  After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 183(b).

Accordingly, it is **RECOMMENDED**:

This case be dismissed without prejudice.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    January 18, 2022   

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5